**WEBB TOURS, INC., Petitioner,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT COMMISSION, Respondent.**

No. 83–1784.

United States Court of Appeals, District of Columbia Circuit.

Argued 23 March 1984.

Decided 18 May 1984.

---

Jere Wilton Glover, Washington, D.C., for petitioner.

Gregory Paul Barth, Washington, D.C., for respondent.

Before WILKEY, Circuit Judge, McGOWAN, Senior Circuit Judge, and GE-SELL,* United States District Judge for the United States District Court for the District of Columbia.

Opinion PER CURIAM.

PER CURIAM:

Petitioner Webb Tours, Inc. (Webb) challenges orders of the Washington Metropolitan Area Transit Commission (WMATC) denying its application for a Certificate of Public Convenience and Necessity which would have granted Webb additional operations authority in the conduct of its existing bus tour and transport operations.[1] Webb's principal contentions in urging reversal are that WMATC erred by applying improper legal standards and that certain crucial findings are not supported by substantial evidence.[2]

The Commission's decision denying Webb's application rested on several independent grounds. Among these was the conclusion by WMATC that Webb had not met its burden of demonstrating fitness for receipt of a new Certificate.[3] Since we find that WMATC's denial of Webb's application on this ground was correctly reached and amply supported by substantial evidence in the record, the Orders of WMATC must be sustained and full discussion of other issues becomes unnecessary.

While acknowledging that Webb is operationally fit and financially sound, the Commission held that Webb had "failed to establish that it is fit, willing and able properly to comply with the provisions of the Compact and the rules, regulations and requirements of the Commission thereunder," based primarily on certain specific instances of "knowing and willful" noncompliance which demonstrated "a blatant disregard" of regulatory restrictions. WMATC Order No. 2404, app. 18, 19. These findings were reached by WMATC after deliberate and careful review of an

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

1. *In re Webb Tours, Inc.*, WMATC Order No. 2404 (March 30, 1983); *on rehearing*, WMATC Order No. 2423 (May 23, 1983). Although only the latter order has been specifically presented for review, the parties have treated both orders together and the Court does also.

2. "The finding of the Commission as to the facts, if supported by substantial evidence, shall be conclusive." Washington Metropolitan Area Transit Regulation Compact (Compact), Title II, Art. XII, § 17, Pub.L. No. 86–794, 74 Stat. 1031, D.C.Code § 1–2411, as amended by Pub.L. No. 87–767, 76 Stat. 765, D.C.Code § 1–2412.

3. WMATC Order No. 2404, joint appendix (app.) 18–19; WMATC Order No. 2423, app. 28–30. WMATC subsequently stated that "[t]he primary basis for denial of Webb's application was our determination of Webb's fitness." *In re Washington Tours, Inc.*, WMATC Order No. 2438 (July 8, 1983), at 3.

extensive record in both WMATC's initial Order and its Order upon rehearing. The findings rest on undisputed proof that Webb engaged in numerous violations of the Compact, Commission regulations, and Webb's existing Certificate. These violations included operation of one-way charters and charters not restricted to sightseeing and pleasure tours, operation of double-decker buses outside permissible territorial boundaries, and charging of rates in excess of those allowed by tariffs on file.

At the administrative level and on appeal Webb sought to show that these violations were unintentional, "technical" in nature, few in number, and in some instances caused by events beyond its control. Given the nature of at least certain of the violations, however, as well as the surrounding circumstances, the cumulative impact of these instances of noncompliance was clearly sufficient to support the conclusion that Webb had not satisfied the fitness criteria of Title II, Article XII, § 4(b) of the Compact. Accordingly, the Commission Orders are supported by substantial evidence and must be sustained.[4]

We note that the Commission's denial of Webb's application was "without prejudice to the filing of another application after a reasonable time" upon a showing that Webb "has brought its operations into compliance." WMATC Order No. 2404, at app. 20. While, as indicated, it is not necessary to resolve other issues raised by Webb as to the proper legal standards to be applied when considering whether the proposed service is or will be required by the public convenience and necessity, the Court suggests that when and if Webb resubmits its application the Commission give renewed consideration to its conclusions concerning the proper emphasis to be accorded the issue of competitive impact and the proof necessary to establish future need for the proposed service arising from operations of the Convention Center.

**4.** The Court rejects appellant's argument that the Commission committed procedural errors in reaching its decisions. All parties were fully

The Orders of the Commission are AFFIRMED and the petition dismissed.

heard by the Commission which made detailed findings and weighed the record on two separate occasions.